### BANDELL *v.* MAY.

(*Supreme Court, General Term, First Department.* June 26, 1891.)

MALICIOUS PROSECUTION—WANT OF PROBABLE CAUSE.

    In an action for malicious prosecution, it appeared that plaintiff ordered from defendant 500 cases of goods, to be delivered in lots of 250 cases each; payment to be made before shipment. The first lot was paid for and delivered. Afterwards plaintiff ordered the remaining 250 cases, and sent his check to defendant for the price thereof. Defendant shipped only 200 of the cases, whereupon plaintiff stopped payment of his check. Defendant then caused plaintiff to come to his (defendant's) place of business, and while there defendant procured plaintiff's arrest on a charge of grand larceny for stealing the price of the second shipment of goods. *Held,* that there was no probable cause for plaintiff's arrest.

Appeal from circuit court, New York county.

Action by Henry E. Bandell against S. Ellwood May for malicious prosecution. There was a judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*William Blakie,* for appellant. *E. J. Newell,* for respondent.

PATTERSON, J. This cause was submitted without argument. We have been unable to ascertain from the appellant's brief the precise grounds relied upon as assignments of error in the rulings of the court below, and have thus been compelled to go over the whole record, and examine the whole case, to ascertain whether or not any ground exists for a reversal of the judgment. The action was for malicious prosecution, and on the trial this state of facts was disclosed: The defendant was a manufacturer at Nyack, in the state of New York. The plaintiff was the selling agent of his goods in the city of New York. A contest arose between them as to the scope of the agency, and whether or not it included a certain description or kind of goods manufactured by the defendant. While that contest was pending, the plaintiff ordered on his own account from the defendant certain goods, namely, 500 cases, which were to be paid for at the rate of $2.50 a case. Two deliveries were to be made, of 250 cases each, and payment was required before shipment. The first lot of 250 cases was delivered and paid for. Subsequently the remaining 250 cases were ordered, and the plaintiff sent to the defendant his check for $625 to pay for that second shipment, and it was the full amount of that shipment which was thus paid for in advance. Instead of sending 250 cases, the defendant only shipped 200 cases, and kept the check of the plaintiff; but it would appear that by reason of some misunderstanding the defendant would not send the goods ordered by the plaintiff, and promised to return the check. Thereafter the plaintiff, not receiving his check, stopped its payment, and the defendant, although he had not made delivery of the goods ordered by the plaintiff, demanded the full sum of $625, which it appears was not complied with. It is further shown that the defendant caused the plaintiff to go to Nyack while this matter was still unsettled between them, and, on the plaintiff's arriving at that place, he was arrested on a charge of grand larceny for stealing the sum of $625. He was imprisoned, and apparently treated with great indignity, and the only ground upon which the charge of larceny could have been predicated was stopping payment of the check for $625, which

was done on the claim that the defendant was not entitled to that money because of a breach of his contract to furnish goods to that amount in value.

Looking through the whole case without any guidance or direction whatever from the brief presented by the counsel for the appellant, it would seem upon the statement of the case, as made above, that there could be no doubt of the plaintiff's right of recovery. There was no probable cause whatever for the arrest. It seems to have been a mere act of spleen or vengeance. Mercantile transactions had taken place between these parties. The defendant, according to the contention of the plaintiff, was in absolute default upon his contract; and there is no reason why the plaintiff should be called upon to pay $625 for $500 worth of goods. There was no excuse, so far as this record shows, for the defendant setting in motion the enginery of the criminal law against the plaintiff, who, at least, had a fair and reasonable ground of difference with him; and that is sufficient of itself to show that the prosecution was instigated by malice. And the learned court was therefore right in saying that there was no ground whatever of probable cause; and, to quote the language of the learned judge, as matter of law "I hold there was an absence of probable cause of the crime of larceny;" and there was very complete proof that the charge was instigated simply by malice. There was not the slightest evidence whatever to implicate the plaintiff in the commission of a crime; and that he was honorably discharged after an examination before the justice can scarcely be contradicted. Under the circumstances of the case, the amount awarded by the jury was not excessive, and on going over the whole record we find nothing whatever which should induce us to reverse the judgment entered below. Judgment affirmed, with costs. All concur.